Charles Maegett, J.
Motion by plaintiff for an order striking out the affirmative defense of the defendant Kellett (hereinafter called the “defendant”). The notice of motion does not set forth any specific ground or rule, but presumably the motion is based on the ground that the defense is sham.
Plaintiff and defendant are both employed by the Manufacturers Trust Company. They are both fishing enthusiasts and together with other employees, they formed a fishing club. The group prevailed upon the company to give some financial support to the venture. The club met after hours and the fishing was done on Saturdays when none of the employees was working.
On November 17, 1956, while defendant was driving his own car to Freeport where a chartered boat awaited, he was in an accident in which the plaintiff, a passenger in his car, was injured. The defense, which is here challenged, is that plaintiff is covered by workmen’s compensation. From the uncontradicted facts, it is apparent that plaintiff was not engaged in his employment at the time of the accident. “ Personal activities of employees, unrelated to the employment, remote from the place of work and its risk, not compelled or controlled by the employer, yielding it neither advantage not benefit, are not within the compass of the Workmen’s Compensation Law. Nor *666 is it of any operative consequence that the employer acquiesced in, or contributed some financial aid to, such activities. The slight support thus given by the employer, without attendant advertising or consequent business advantage, should be accepted for what it really was, a gratuitous contribution to its employees’ social and recreational life ”. (Matter of Wilson v. General Motors Corp., 298 N. Y. 468, 473.) (See, also, Matter of Davis v. Newsweek Mag., 305 N. Y. 20.)
Defendant argues that the court passed upon the sufficiency of this defense when it gave defendant leave to file a supplemental answer. There is no dispute about that. The defense is sufficient as a matter of pleading. Plaintiff claims, however, that the facts alleged are sham and that the uncont.radicted facts show that the accident did not arise out of or in the course of plaintiff’s employment. It is apparent that plaintiff’s contention is correct. The defense is sham and must be stricken. The motion is granted. Submit order.